IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHEN CHRISTOPHER PLUNKETT,       ) | |
|     GDC# 1001543904,                                     ) | |
|         Movant,                                                  ) | |
|                                     ) | No. 3:20-CV-640-L-BH |
| vs.                                                                          ) | No. 3:14-CR-239-L(1) |
|                                     ) | |
| UNITED STATES OF AMERICA,                      ) | |
|         Respondent.                                        ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Motion for Certification*, received on July 14, 2020 (doc. 43). Based on the relevant findings and applicable law, a Certificate of Appealability (COA) should be **DENIED**.

**I. BACKGROUND**

On March 10, 2020, Stephen Christopher Plunkett (Movant) filed a petition for writ of habeas corpus under 28 U.S.C. § 2255 challenging his convictions for bank robbery. (*See* doc. 2.) On April 28, 2020, Movant filed a *Motion Pursuant to Fed. R. App. P. 10(e)(1)* to conform the record, claiming that the sentencing transcript did not reflect all of his attorney's statements to the court, and seeking "an unedited transcript prepared by a different court reporter and access to the audio recordings of the proceeding to ensure accuracy in the record going forward." (doc. 22.) Because he did not otherwise provide any support for his conclusory contention and request, his motion was denied on April 30, 2020. (*See* doc. 23.)

On May 12, 2020, Movant filed a *Notice of Appeal and/or Objections to Magistrate Judge's Order on Movant's Motion to Conform the Record in this Case*. (*See* doc. 29.) The

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

filing sought a reversal of the April 30, 2020 order, and an unedited transcript of the sentencing proceedings prepared by a different stenographer or, alternatively, a copy of the unedited audio recording. (*See id.*) Movant asserts that his appeal and/or objections were not intended to be an appeal to the United States Court of Appeals for the Fifth Circuit (Fifth Circuit), but to the district judge. (*See* doc. 43.) Because no order was entered in response to Movant's appeal and/or objections, Movant states that he is construing this silence as a denial and now seeks certification to appeal the April 30, 2020 order to the Fifth Circuit. (*See id.*)

## II.  CERTIFICATE OF APPEALABILITY

An appeal of a final order in § 2255 habeas proceedings requires a certificate of appealability in accordance with 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). To obtain a certificate of appealability under Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c), a movant must show (1) that reasonable jurists would find the "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[2] When the order appealed is not a final order, a certificate of appealability is not required. *See, e.g.*, *Young v. Stephens*, 795 F.3d 484, 494 (5th Cir. 2015) ("A COA is not

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

required to review the district court's ruling on a non-merits issue such as a stay."); *U.S. v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015) ("[A] transfer order under [28 U.S.C.] § 1631 is not a final order within the meaning of § 2253(c)(1)(B), and the appeal of such an order does not require a COA."). There is no basis under § 2253(c) or Fed. R. App. P. 22(b) for a COA at this stage of the proceedings.

Under 28 U.S.C. § 1292(b), a court may "certify an order for appeal, even if it would not otherwise be appealable, if the order 'involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Morris v. Lubbock Cnty. Detention Ctr.*, No. 5:17-CV-312-C, 2018 WL 10070324, at *2 (N.D. Tex. May 2, 2018) (quoting 28 U.S.C. § 1292(b)). For the same reasons set forth in the April 30, 2020 order filed in this case (doc. 23), Movant's conclusory allegations and corresponding declaration do not meet the criteria set forth in § 1292(b). Accordingly, a COA under § 1292(b) should be denied.

### III.  RECOMMENDATION

A Certificate of Appealability in connection with the April 30, 2020 order in this case should be **DENIED**.

**SIGNED** on this 20th day of July, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE