IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHEN CHRISTOPHER PLUNKETT, GDC #1001543904, § § § | |
| Movant, § | |
| v. § | Civil Action No. **3:20-CV-640-L** |
| § | |
| UNITED STATES OF AMERICA, § § § | |
| Respondent. § | |

# ORDER

On July 20, 2020, United States Magistrate Judge Irma Carrillo Ramirez entered her Findings, Conclusions, and Recommendation ("Report") (Doc. 45), recommending that the court deny Movant Stephen Christopher Plunkett's ("Movant" or "Mr. Plunkett") Motion for Certification (Doc. 43) with respect to her April 30, 2020 Order (Doc. 23), in which she denied Mr. Plunkett's Motion Pursuant to Fed. R. App. P. 10(e)(1)[*] ("Rule 10(e)(1) Motion) (Doc. 22). Specifically, she determined that there is no basis under 28 U.S.C. § 2253(c) or Federal Rule of Appellate Procedure 22(b) for a certificate of appealability ("COA") at this stage of proceedings, and that, for the same reasons stated in her April 30, 2020 Order, Mr. Plunkett's allegations that the sentencing transcript did not reflect all of his attorney's statements to the court are conclusory and do not meet the criteria set forth in Section 1292(b). She further determined that his conclusory allegations and corresponding declaration do not meet the requisite criteria under Section 1292(b). Accordingly, Magistrate Judge Ramirez recommends that a COA with respect to her April 30, 2020 order should be denied.

---

[*] Rule 10(e)(1) of the Federal Rules of Appellate Procedure provides: "If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly."

**Order – Page 1**

On August 4, 2020, Mr. Plunkett filed his Objections (Doc. 49). He objects to Magistrate Judge Ramirez's finding that the contentions presented in his Rule 10(e)(1) Motion are conclusory and contends that his Motion was supported by "specific factual testimony from personal knowledge," which is uncontroverted testimonial evidence because the Government did not respond to his Motion. Movant's Obj. at 2. He also concedes that the Magistrate Judge's April 30, 2020 Order may not meet the "controlling question of law" prong of Section 1292(b) but asserts that, despite this, her reasons for the denial of his Rule 10(e)(1) Motion were in error.

Having considered the motion, record, Report, and applicable law, and having conducted a de novo review of the portions of the Report to which Objections were made, the court **determines** that the findings and conclusions of the Magistrate Judge are correct, and **accepts** them as those of the court. It further determines that Mr. Plunkett fails to present information to support his conclusory allegations that the transcript is not a full reporting of the sentencing hearing. Accordingly, the court **overrules** Mr. Plunkett's Objections (Doc. 49) and **denies** his Motion for Certification (Doc. 43) with respect to the Magistrate Judge's April 30, 2020 Order (Doc. 23).

**It is so ordered** this 28th day of December, 2020.

Sam A. Lindsay
United States District Judge