## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN CHRISTOPHER PLUNKETT, GDC #1001543904, | § § § | |
| Movant, | § § | |
| v. | § | Civil Action No. **3:20-CV-640-L** |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

On October 3, 2022, United States Magistrate Judge Irma Carrillo Ramirez entered the Findings, Conclusions, and Recommendation ("Report") (Doc. 114), recommending that the court deny Movant Stephen Christopher Plunkett's ("Movant" or "Mr. Plunkett") Final Amended Motion under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") (Doc. 31), filed on May 18, 2020.[1] The magistrate judge considered Movant's sixteen asserted grounds for relief in his Motion, as well as Movant's voluminous briefing, motions, and notices to the court. In the Report, the magistrate judge also denied Movant's Motion for Bond Pending Ruling on § 2255 Motion (Doc. 111). For the reasons that follow, the court determines the findings and conclusions of the magistrate judge are correct and accepts them as those of the court, **denies** the Motion, and **dismisses with prejudice** this action.

## I.     Factual and Procedural Background

On January 14, 2016, Mr. Plunkett pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a), and, in support of his guilty plea, submitted a signed plea

---

[1] The court notes that although most filings seeking habeas relief are called "petitions" brought by a "petitioner," Mr. Plunkett filed his Motion on a preprinted form titled "Motion under 28 U.S.C. Section 2255," and which refers to the litigant as "Movant." The Report uses this language, and so this court will do the same.

document which set forth the elements of the charges. *United States v. Plunkett*, 3:14-CR-239-L(1) (N.D. Tex. January 14, 2016), Doc. 28.[2] At rearraignment on January 14, 2016, United States District Judge Jane J. Boyle noted on the record that there was no plea agreement between the parties, and Movant confirmed under oath that his plea was not pursuant to an agreement. Doc. 94 at 3, 6, 11. On December 11, 2017, the undersigned sentenced Movant to concurrent terms of 114 months' imprisonment on both counts, to run consecutively to an undischarged sentence in Georgia for an additional bank robbery. Doc. 85. The sentence of 114 months was within the range calculated under the Sentencing Guidelines ("the Guidelines"). *Id.* The court denied Mr. Plunkett's motion for downward departure (Doc. 82), which was premised on his assertion that the criminal history category substantially overrepresented his criminal history.

After sentencing, Mr. Plunkett began to file appeals and requests for relief. He filed multiple appeals with the Fifth Circuit (Docs. 88, 98), a writ of certiorari with the United States Supreme Court, which was denied (Doc. 92), and an emergency motion for immediate transfer to a different prison or to be released during the pendency of his appeal with the Fifth Circuit (Doc. 93). His appeals were all denied, and the Fifth Circuit affirmed the judgment of the district court on February 21, 2019. Docs. 102, 103.

On March 10, 2020, Mr. Plunkett, now proceeding pro se, filed his Section 2255 Motion challenging his federal conviction and sentence on sixteen separate grounds for habeas relief. He also requested an evidentiary hearing and a Motion for Bond.

---

[2] Documents related to the related action will be referred to by its Criminal Docket Number.

## II.    Discussion

### A.    The Magistrate Judge's Report

Magistrate Judge Ramirez determined that Mr. Plunkett's sixteen asserted grounds for habeas relief were without merit and recommended the Motion be denied with prejudice because:

- Movant's claims related to an alleged breach of a plea agreement by the Government is procedurally barred, and in the alternative, are not supported by the factual record (Report 10-11);

- Movant's claim that his guilty plea was not knowing and voluntary is refuted by the record showing Movant's persistence in pleading guilty both in the signed plea document and by his sworn statements in open court (*id*. at 12-15);

- Movant's pre-plea claims of violations of his statutory rights, constitutional rights, and procedural rules are waived because he pled guilty, and moreover, Movant shows no entitlement to relief on the merits of these claims (*id*. at 16-20);

- Movant's allegations of judicial bias on the part of United States District Judges Jane Boyle and Sam Lindsay are conclusory and are not factually supported by Movant's evidence (*id*. at 20-22);

- As to all of Movant's claims for ineffective assistance of counsel asserted against his trial, sentencing, and appellate counsel, Movant fails to meet his burden under *Strickland v. Washington*, 466 U.S. 668, 686 (1984), and thus he is not entitled to relief (*id*. at 24-43);

- Movant's claims of a misapplication of the Guidelines are procedurally barred or, alternatively, not subject to collateral review in a Section 2255 motion (*id*. at 43-44);

- Movant's claim that denial of his motion for a downward departure was an abuse of discretion and error by the trial judge is conclusory and does not establish an entitlement to relief (*id*. at 44-45);

- Movant's claim that his sentence is unreasonable because the sentencing judge did not consider every Section 3553(a) factor is without merit because he has not shown that his sentence was improperly calculated and fails to offer facts or evidence to rebut the presumption that his Guidelines sentence was reasonable (*id*. at 45-47); and

- Movant's request for an evidentiary hearing is denied because he has failed to demonstrate the existence of a factual dispute or other indicia that he is entitled to an evidentiary hearing (*id*. at 47).

For these reasons, the magistrate judge determined that Mr. Plunkett failed to demonstrate an entitlement to relief and recommended the court dismiss his Motion. *Id*. at 48. Accordingly, the magistrate judge also denied Movant's pending Motion for Bond because, as the Report concluded that he failed to show an entitlement to relief on any grounds, Movant failed to raise substantial constitutional question upon which he has a high probability of success. *Id*. at 47-48.

**B.     Discussion and Analysis of Movant's Objections**

Mr. Plunkett filed Movant's First Objections to Findings, Conclusions, and Recommendation of the Magistrate Judge ("First Objections") (Doc. 118) and Movant's Second Set of Objections to Findings, Conclusions, and Recommendation of the Magistrate Judge ("Second Objections") (Doc. 119) on October 24, 2022. In his Second Objections, Movant stated that he intended to file more specific objections to the Report, which the court construed as a motion seeking an extension of time and granted. The court extended the deadline for Movant to file additional objections to October 31, 2022 (Doc. 120), and he filed the voluminous Movant's Third Set of Objections to Magistrate's Findings, Conclusions, and Recommendation ("Third Objections") (Doc. 121) on October 31, 2022.

In the First, Second and Third Objections (collectively, "Objections"), Mr. Plunkett does not object to the portions of the Report in which Magistrate Judge Ramirez: (1) denied his Motion for Bond; (2) determined that the court properly denied Movant's motion for downward departure under the Guidelines; and (3) found that his counsel was not deficient in not continuing to argue with the court after the downward departure was denied. The court, therefore, will accept those portions of the Report as Mr. Plunkett, by failing to object, has abandoned or waived these claims. Mr. Plunkett does, however, make fourteen other objections to the Report. The court will address

each in turn, categorized as (1) substantive objections; (2) ineffective assistance of counsel objections; and (3) procedural objections.

      1.   Substantive Objections

In his **first objection**, Mr. Plunkett objects to the factual statements in the Report in which Magistrate Judge Ramirez summarizes that: (1) Movant was not originally arrested in Georgia pursuant to a warrant from the Northern District of Texas and was not therefore denied the full panoply of rights afforded to a federal detainee; and (2) there was not a plea agreement between Movant and the Government. Third Objections 1-3. He argues that the Report "cherry-picks" facts to undermine his claims in favor of the Government or simply misstates the facts related to these two claims. *Id.* Although Movant concedes that he no longer has access to the record, he asserts "[f]rom memory, in certain instances, it seems that the Magistrate's summaries do NOT fairly reflect the actual contents of the documents." Second Objections 1.

Many of Movant's other objections rely on these two facts as he asserts them: he was arrested pursuant to a federal warrant from the Northern District of Texas, not Georgia, and there was a plea agreement between Movant and the Government. To resolve these key facts, the court compared the Report's factual statements against the records in this case and did not find any support for Movant's version of the facts.

To start, Movant's allegation that he was arrested pursuant to a warrant from the Northern District of Texas is contradicted by his own statements in the Motion. There he tells the court that he was that he was arrested and held in Forsythe County, Georgia, at the time the Northern District of Texas indictment was returned. Final Amended Motion 1. In the Third Objections, however, Movant states that he was "arrested pursuant to the federal warrant issued out of the Northern District of Texas" and appeared before a Georgia state judge for those federal charges. Third

Objections 18, 24. The contradiction in his retelling of the facts undermines his assertions. Further, the record supports his version alleged in the Motion. It shows that Movant was arrested on a warrant from Forsythe County in Georgia on April 16, 2014 (Doc. 87); more than seven months later, the federal warrant from the Northern District of Texas was executed on January 7, 2015. Doc. 22.

Notwithstanding that Movant and the record contradict his allegation, he fails to show why the governmental entity issuing the arrest warrant has any bearing on his federal plea or sentencing. Accordingly, the court determines that the Report's statements regarding Movant's arrest warrant are correct.

As to his assertion of a plea agreement with the Government, Movant states that he pleaded guilty only pursuant to an agreement with the Government, and that the Government continually lies when it states there was no agreement. Third Objections 17. He asserts that the first two pre-sentence reports (PSRs) reflect the collective understanding that Movant had of his plea agreement. *Id.* 12.

Here again, the record clearly refutes Movant's recitation of the facts. The plea document (Doc. 28) is a factual stipulation signed by Movant, showing that he agreed to the facts supporting his indictment and setting forth the maximum sentence possible. The Government did not sign the plea document. In his rearraignment hearing before Judge Boyle, Movant attested under oath multiple times that he was pleading guilty without a plea agreement with the Government. Doc. 30.

As to Movant's claim that the PSRs show an understanding between the parties that Movant pled guilty subject to an agreement, the court reviewed the PSR (Doc. 32), as well as the parties' objections and PSR's four addendums (Docs. 33, 36, 37, 51, 78) to determine that the PSRs do not support his claim. The PSR (Doc. 32) contained a statement that there was an oral

agreement between Movant and the Government, but after the Government filed objections (Doc. 33) to that statement in the PSR, the first addendum corrected the statement as a misunderstanding between the probation officer and the Government. Doc. 36-1.

Taking these facts, Movant has not shown that the parties' behavior shows the existence of a plea agreement, and thus cannot prove the existence of a binding contractual agreement. *See United States v. Lewis*, 476 F.3d 369, 387-88 (5th Cir. 2007) (finding that general principles of contract law apply to determine "whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement.") (internal citation omitted). Movant's conclusory claim that the existence of the plea document is proof of an agreement with the Government is not a reasonable understanding of the facts in the record, and therefore the court determines that there was not a plea agreement.

As for any other alleged factual error, the court did not find any statement in the Report that was contradicted in the case records, and importantly, Movant does not point to any alleged factual misstatement that is not directly refuted by the evidentiary record in this case. Accordingly, the court **overrules** his first objection.

 In his **second objection**, Mr. Plunkett asserts that Judge Boyle should have warned him in his rearraignment that he would not receive the benefit of plea agreement conditions because there was not an agreement with the Government. Third Objections 1, 12-13. Movant cites the dissent in *United States v. Valdez*, 973 F.3d 396 (5th Cir. 2020), appearing to argue that had Judge Boyle warned Movant that he would not receive certain benefits—specifically, no application of a firearm enhancement, concurrent sentencing with the non-discharged state offense, and time-served credit—Movant would have revoked his plea immediately. *Id*. at 12-13. In support of this objection, Movant repeats the factual arguments from the Motion, which the Report found

unsubstantiated and presented no new facts or controlling law. Movant provides citations to cases, such as *United States v. Valdez*, but does not cite to controlling or precedential law to show that the findings and conclusions in the Report are incorrect. Rather, he points to dissents, out-of-circuit decisions, or inapplicable cases to support his arguments. Only decisions of the United States Supreme Court and Fifth Circuit are controlling and binding precedent for this court. Without controlling law to show the Report's conclusion is inaccurate, Movant has failed to meet his burden, and the court's *de novo* review likewise failed to uncover any error. Accordingly, the court **overrules** this objection.

Next, Mr. Plunkett brings his **third objection** against the Report's rejection of his claim that the sentencing judge did not properly consider the policy statements under U.S.S.G. 5G1.3(d) regarding concurrent or partially concurrent sentences for non-discharged state crimes. Third Objections 2, 22. He argues that had the court considered the policy statements under U.S.S.G. 5G1.3(d), he would have received a reasonable sentence that was either a concurrent sentence—or at least a partially concurrent sentence—to run with his undischarged sentence for the Georgia crime. *Id*. at 19-22. Because the court did not consider those options on the record, he asserts that it committed enough error for an appellate court to find that the resulting sentence was unreasonable and to remand for proper exercise of the district court's discretion. *Id*. at 22.

Section 5G1.3(d) of the Guidelines provides that when a defendant has an undischarged term of imprisonment, "the sentence for the instant offense *may* be imposed to run concurrently, partially concurrent, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. 5G1.3(d) (emphasis added). The use of the word "may" permits the sentencing court to use its sound discretion to determine whether a concurrent, partially concurrent, or consecutive sentence achieves a reasonable punishment. Thus,

a consecutive sentence is not objectively unreasonable. Further, Movant's objection is a disagreement with the outcome of the sentencing judge's discretion, and such an objection based on a petitioner dissatisfaction fails to show that the judge abused his discretion. Moreover, any argument predicated on an assertion that the sentencing judge failed to consider a permissive factor is equally unavailing. Even before the Guidelines were made advisory in *United States v. Booker*, 543 U.S. 220 (2005), Guidelines language that states a judge "may" consider or "may impose" a particular sentence is not a mandate to do so. *See United States v. Franks*, 46 F.3d 402, 406 (5th Cir. 1995) (upholding a sentencing judge's decision where the Guidelines included permissive rather than mandatory language). Movant's disagreement with the court's discretion does not show error and, likewise, fails to show that the Report's findings and conclusions are incorrect. For this reason, the court **overrules** this objection.

In his **fourth objection**, Mr. Plunkett alleges that the Government lied to the court and conspired with other state officials to violate his constitutional and statutory rights for the purpose of multiplying his sentencing exposure. Third Objections 23-24. Specifically, he alleges that the Government's statements regarding the lack of a plea agreement and his arrest in Georgia are lies and calls into serious question the Government's credibility. First Objections 5; Third Objections 23-24.

Mr. Plunkett makes these objections without any supporting evidence or facts that would allow the court to accept his conclusory allegations of conspiracy and false statements. Further, his allegations about the supposed plea agreement and Texas warrant are refuted by the record and his prior statements to the court. Because Movant fails to show that the Report's findings and conclusions are in error, the court **overrules** the objection.

2.  Ineffective Assistance of Counsel Objections

Mr. Plunkett, in his **fifth objection**, contests the portions of the Report that recommend denying his claims of ineffective assistance of counsel against his trial, sentencing, and appellate counsel. He argues that the Report improperly rejected his claim that his trial counsel, Mr. Doug Morris, failed to properly advise him during plea negotiations about the firearm enhancement and applicability of U.S.S.G. §1B1.2(c) and §5G1.3(b) because of the purported plea agreement.[3] Third Objections 7-8. Movant also alleges that Mr. Morris's performance was deficient for only telling him the maximum possible sentence, not lesser possible sentences. *Id.* Movant argues that he detrimentally relied on these unreasonably inaccurate statements and was prejudiced by his exposure to a sentence that did not have negotiated protections. *Id.* at 4. Movant asks the court to follow out-of-circuit precedent to find that an attorney's failure to accurately predict and calculate a Guidelines sentence is objectively unreasonable in criminal defense practice, and that Movant's decision to plead guilty based on a Guidelines miscalculation, therefore, is too important to not be sufficient evidence of prejudice. *Id.*

Movant fails to point to an error in the Report and instead repeats the Motion's arguments, citing to out-of-circuit precedent again.[4] In his only Fifth Circuit case citation on this objection, Movant asks the court to find *United States v. Rivas-Lopez*, 678 F.3d 353 (5th Cir. 2012), persuasive; that case, however, finds that an evidentiary hearing was necessary where an attorney miscalculated the Guidelines sentence by more than ten years and convinced the defendant to reject

---

[3] U.S.S.G. 1B1.2(c) provides that a stipulation to an additional offense contained in a plea agreement shall be treated as an additional count of the charged offense. U.S.S.G. 5G3.1(b) provides for a sentence adjustment to allow a sentence for the instant offense to run concurrently with an undischarged sentence that is relevant conduct.

[4] Although not precedential law, Movant's caselaw arguments highlight his main complaint in this objection: the Report erroneously denied him an evidentiary hearing. Movant, however, cannot show entitlement to an evidentiary hearing because there are no facts to uncover; the record, which includes Movant's own statements to the court, clearly refutes Movant's allegations.

a plea deal. Movant's case is not factually similar. He pled guilty but not pursuant to a plea agreement, as this court has already determined, and, therefore, his counsel's performance was not deficient for advising that Section 1B1.2(a) would apply because that advise did not influence Movant's decision to plead guilty; Movant knew there was no agreement. Mr. Plunkett's counsel advised him of a possible 40-year term of imprisonment, but at sentencing, he received only 114 months (nine years and six months). Doc. 86. Movant received a much lighter sentence than was possible, and counsel's alleged failure to advise of lesser sentences is not deficient. Further, Movant signed the plea document and affirmed under oath that he understood the court alone would impose sentence and was not bound by the Guidelines after consideration of the Section 3553(a) factors. With these facts, Movant's claims of ineffective assistance of counsel fail. Because Movant fails to bring new controlling caselaw or allege new facts to show the Report's findings and conclusions are incorrect, the court **overrules** this objection regarding Mr. Morris's performance as counsel.

In his related **sixth objection**, Mr. Plunkett objects to the Report's finding that he failed to show that Mr. Morris was ineffective for allegedly promising Movant a particular sentence based on an unreasonably deficient understanding of the Guidelines. Third Objections 7-8. Movant argues that e-mail exhibits attached to the Motion are clear and convincing evidence because his second trial counsel confirmed that Mr. Morris's was deficient and promised a particular sentence. *Id*. at 5. He alleges that such misrepresentations satisfy both *Strickland* prongs because it shows his attorney unreasonably represented to Movant that his sentence would operate in a certain way, and that Movant detrimentally relied upon that advice when he plead guilty.[5] *Id*. at 6. As the court

---

[5] To successfully prove a claim of ineffective assistance of counsel, the movant must demonstrate: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

**Memorandum Opinion and Order – Page 11**

stated above, Movant repeats his previous argument and fails to allege new facts or controlling law to show the Report's conclusion is in error. The e-mails to which he references show that his second trial counsel worked with the Government to clear up confusion on how Movant's other offenses factored in his Guidelines calculation. Confusion by all parties does not show unreasonably deficient performance by counsel. For this reason, the court, after a *de novo* review of the facts, record, and law, **overrules** this objection.

As a related **seventh objection**, Mr. Plunkett alleges that the Report improperly denied his claim that Mr. Morris was "ineffective and Movant's plea, as a result, was involuntary, coerced, and unintelligently made." Third Objections 6. Mr. Plunkett attached to the Motion copies of e-mails between Mr. Morris and the prosecutor, Assistant United States Attorney Ms. Dunn, in which Mr. Morris informed her that Movant would plead guilty, and Ms. Dunn replied, "Way to go, Doug!" Mr. Morris replied, "LOL. Thanks." Movant alleges that this exchange "seems to indicate that Mr. Morris was asked to do whatever is necessary to get Movant to plead guilty." *Id*. at 15.

The court construes this e-mail colloquy as an assertion that Mr. Morris labored under a conflict of interest. To obtain relief on this ground, Movant must show that "his attorney was burdened by an actual conflict of interest and that the conflict had some adverse effect on his defense strategy." *Reed v. Stephens*, No. 3:13-CV-1236-D, 2013 WL 5823883, at *6 (N.D. Tex. Oct. 30, 2013) (citing *Hernandez v. Johnson*, 108 F.3d 554, 559-60 (5th Cir. 1997)). Here, Movant has failed to make this showing. He has not presented evidence to support his conclusory assertion that the e-mail exchange is the result of Mr. Morris working in coordination with the prosecutor, and he further has not presented any evidence that he was induced to plead guilty based on that e-mail exchange. Although a casual interaction between counsel and the prosecutor, the exchange

does not show that Mr. Morris was working at the direction of the prosecutor or required her approval while advising Movant. Further, Movant has failed to establish that his representation was adversely affected or legally prejudiced as a result, because he testified under oath that his guilty plea was voluntary. Thus, he failed to show that the Report's findings and conclusions are incorrect and, accordingly, the court **overrules** this objection.

Mr. Plunkett contends in his **eighth objection** that the findings and conclusions of the Report incorrectly denied his claim that his sentencing counsel, Mr. Christopher Lewis, was ineffective for failing to object to the sentencing court's alleged misapplication of U.S.S.G. 5G1.3(b), which caused the court to not consider a concurrent or partially concurrent sentence. Third Objections 18-19. Movant alleges that because the court erred in not considering on the record all of the policy statements under U.S.S.G. 5G1.3(b), Mr. Lewis was prejudicially deficient in failing to object. *Id*. at 17. Movant attempts to reargue that the court exercised improper discretion and then place responsibility for the court's decision on his counsel.

Once again, Movant has failed to bring new facts or controlling law to show the Report's error and Mr. Lewis's deficient performance. Instead, Movant objects to the sentencing judge's discretion and sentence outcome. "Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim." *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990). Because the court properly exercised its discretion, Mr. Lewis's performance was not deficient for failing to confront that discretion, and accordingly, the court **overrules** Movant's objection.

In his **ninth objection**, Mr. Plunkett objects to the Report's determination that his sentencing counsel was not ineffective for failing to present evidence that Movant was arrested pursuant to a warrant from the Northern District of Texas. Third Objections 18. Because the court has already determined that the record refutes this claim, the court will not entertain an objection

regarding his counsel's alleged deficiency in failing to argue this to the district court. Further, Movant does not present any facts or law that contradict the findings and conclusions in the Report and this court. Accordingly, this objection is **overruled.**

In his **tenth objection**, Movant objects to the portions of the Report which deny his claim that the performance of his appellate counsel, Mr. Shannon Hooks, was deficient in bringing a losing argument on appeal and refusing to appeal his consecutive sentence. *Id*. at 21-22. He contends that Mr. Hooks incorrectly believed that there was no objection on the record related to Section 5G1.3(b) and therefore could not bring a direct appeal. Movant, however, asserts that sentencing counsel's argument about the relevant conduct qualifies as an objection and, therefore, Mr. Hooks was unreasonably deficient in failing to recognize it as an appealable issue. *Id*. at 22.

The court has already determined that there is no merit to Movant's claim that the sentencing judge did not properly consider a concurrent or partially concurrent sentence, and, therefore, any appeal on the claim would be futile. As stated above, a lawyer's performance is not deficient for failing to raise a losing argument or objection. *Smith*, 907 F.2d at 585 n.6. Movant repeats his argument from the Motion and does not present new facts or legal argument showing that the findings and conclusions of the Report were incorrect. Accordingly, the court **overrules** the objection.

    3.   Procedural Objections

Finally, the court addresses Movant's procedural objections. First, as his **eleventh objection**, Mr. Plunkett asserts that Magistrate Judge Ramirez is biased against him and should be removed from his case. First Objections 2. He states that the Report "propounded arguments best left to a party," which shows the magistrate judge's bias toward the Government. *Id*. at 2-3. Further, Movant alleges that the evidence in his favor is so strong as to foreclose the Report's

determination that the record "conclusively show[s] that [Movant] is entitled to no relief." *Id*. at 3.

As proof of the Government's alleged "lies," Movant reargues facts concerning the issuance of an

arrest warrant. *Id*. at 4.

Courts "presume that public officials have 'properly discharged their official duties.'"

*Bracy v. Gramley*, 520 U.S. 899, 909 (1997) (quoting *United States v. Armstrong*, 517 U.S. 456,

464 (1996)). Therefore, "bias by an adjudicator is not lightly established," and a movant must

demonstrate prejudice from the allegedly biased judicial actions. *Valley v. Rapides Parish Sch.*

*Bd.*, 118 F.3d 1047, 1052 (5th Cir. 1997). Here, Movant points to nothing to suggest personal bias

but rather objects to the Report's consideration of the Government's argument and the facts

supporting those arguments. This allegation falls far from the high standard to show actual bias.

Accordingly, the court finds that Movant has not shown that Magistrate Judge Ramirez or Report's

findings and conclusions are biased and therefore **overrules** the objection.

In his **twelfth objection**, Mr. Plunkett objects that the Report does not consider any claims

outside of the Motion. Second Objections 2-3. He alleges that under Federal Rule of Civil

Procedure 15, he should have been freely granted leave to amend because none of his proposed

amendments was frivolous or futile. *Id*. at 3. When Movant filed his amendments, he argues, he

was housed in administrative segregation in Georgia without access to legal materials. *Id*. Movant

alleges that because this interference was at the hands of Georgia state officials, the magistrate

judge should have been more lenient in allowing late amendments. *Id*.

Movant's objection is once again refuted by the record showing that the court granted him

leave to amend the Motion and he failed to do so. In the order granting Movant leave, the

magistrate judge stated that:

> to avoid piecemeal consideration of his various filings and amendments setting
> forth grounds for relief, he was ordered to file a final amended § 2255 motion

setting forth all of the claims that he sought to pursue in one filing, regardless of whether he had previously asserted the claims or was raising new claims for relief.

Doc. 15 at 1.[6] Movant sought multiple extensions, which were granted, and after two months, Movant filed the Motion and Brief on May 18, 2020. Docs. 31, 32.

Further, when Movant later requested leave to file another amended motion (Doc. 59), the magistrate judge denied the request based on concerns about "piecemeal filing" but then directed Mr. Plunkett to amend by:

> fil[ing] a proper motion and attach a proposed second final amended § 2255 motion that sets forth ALL the claims that he seeks to assert in this habeas action, regardless of whether he previously asserted the claims in his initial motion, supplements or amendments, or whether the claims are new grounds for relief. He may also attach a brief in support of his § 2255 motion that must not exceed twenty-five pages, as provided by the local rules of this Court. N.D. Tex L. R. 7.2(c).

Doc. 61 at 2. Despite these clear directions that provided Movant an opportunity to amend, he did not do so and cannot now assert an objection to the scope of the Report on those grounds. Movant had sufficient opportunity to present new and amended claims to the court and failed to do so, despite the opportunity. For these reasons, the court **overrules** this objection.

In his **thirteenth objection**, Mr. Plunkett contends that Magistrate Judge Ramirez erred in recommending that the court deny Movant an evidentiary hearing because the evidence that he presents does not clearly foreclose entitlement to relief. First Objections 5; Third Objections 23, 25. He argues that because his claims are not speculative or conclusory, he is entitled to a hearing and discovery. Third Objections 23. He asserts that without an evidentiary hearing and affidavits from his previous attorneys, he cannot prove his claims for ineffective assistance of counsel or show the Government's alleged "lies" to the court. *Id*. at 5, 23-25.

---

[6] Hereafter, documents related to the instant habeas action will be referred to by its Civil Docket Number.

For a habeas petitioner to receive an evidentiary hearing, the petitioner must allege facts,

which, if proved, would entitle him to relief. *See* 28 U.S.C. § 2255(b). When the motion for habeas

relief alleges speculative claims, or the factual record is complete, or the petitioner raises claims

that can be resolved without the need of additional evidence, a hearing is not required. *Ellis v.

Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989) (internal citations omitted).

Here, the court finds that Movant's claims do not meet the standards necessary to receive

a hearing. As the court has determined that each of Movant's objections fails to show entitlement

to relief, Movant has only alleged claims that are speculative or can be resolved on the existing

factual record. Indeed, the court denies many of Movant's claims through review of evidence that

he provided. Therefore, this argument is without merit, and the court **overrules** the objection to

the Report's recommendation to deny Movant's request for a hearing.

Finally, in his **fourteenth objection**, Mr. Plunkett objects to the "unreasonable and

prejudicial delay in the magistrate's issuance" of the Report, contending that Magistrate Judge

Ramirez's delay in issuing the Report caused him prejudice in objecting. First Objections, Doc.

118 at 1-2. Movant alleges that because his Motion was fully briefed on March 10, 2020, and the

Report was not issued until October 3, 2022, the delay denied him due process as he no longer has

"access to either the record in this 2255 proceeding or the underlying criminal case since the

confiscations of all his legal papers and mail in December, 2021 by CoreCivic employees,

contracted with the Georgia Department of Corrections, at the request of the Government." *Id*. He

appears to assert that because he is indigent, he could not request additional copies of the records

after the 2021 confiscation and thus could not properly file his objections. *Id*. at 2.

While his Motion was pending, Movant filed a Notice of Petition for a Writ Mandamus

(Doc. 116) with the Fifth Circuit on September 29, 2022, seeking additional relief from the court's

orders and a writ of mandamus to require an evidentiary hearing on his Section 2255 Motion. *See* Doc. 116. The Fifth Circuit denied his requests and Petition for mandamus, finding that there was no undue delay in the district by the magistrate judge or district judge. *In re Stephen Christopher Plunkett*, No. 22-10936 (5th Cir. December 21, 2022). Further, as detailed at length here, the Fifth Circuit found that Movant's case has had "significant and ongoing activity throughout this matter," finding that his case has not languished for lack of the court's time and attention. *Id*. The Fifth Circuit pointed out that Mr. Plunkett has filed many motions and received the magistrate judge and the district court's review, ruling, and often reconsideration of those motions. He further has had opportunity to file many objections, and thus there was not undue lay in ruling on Movant's Motion or resolving his many motions for other relief. *Id*. The court agrees.

Resolution of the Motion has not been unduly delayed, and further Movant's case has seen continued activity from his many motions for relief during the pendency of the Motion. As the Fifth Circuit noted, the court granted Movant an extension to file his objections, which he did. *See* Docs. 118, 120, 121. Moreover, Movant does not explain what objection he would have filed or relief he would have sought if he had the legal files he contends are now unavailable to him. Accordingly, this objection does not change the court's determination that Movant's substantive objections are without merit, and, therefore, his **fourteenth objection** is **overruled**.

### III.   Recently Filed Objections

During the pendency of his Motion, Mr. Plunkett continued to file successive requests for discovery, moving the court as recently as December 5, 2022 (Doc. 187) while his objections to the Report were pending.[7] On December 28, 2022, he has now filed additional objections to that

---

[7] The order denying the motion (Doc. 124) appears to have a typographical error. The order denies the motion, incorrectly identified as Doc. 86, which is a previous motion for discovery denied by the court's earlier order (Doc. 93). The reference to Document 86 appears to be an error and, and instead, the docket number should have been to Movant's most recent motion (Doc. 123). The clerk of court correctly terminated Docket Number 123.

order and a supporting appendix (Docs. 126, 127). In the objections, Mr. Plunkett repeats the

arguments he raised in his Objections to the Report, which the court addressed in full here.

Mr. Plunkett filed his objections to the magistrate judge's order without first seeking leave

to do so. His objections and appendix are thus improperly filed and continue to unnecessarily tax

the court's scarce judicial resources. In any event, his objections are irrelevant and are of no

consequence to the court's determination that he is not entitled to discovery or habeas relief.

Accordingly, the court **overrules** his objections (Doc. 126).

## IV.    Conclusion

The court has expended considerable time and scarce judicial resources in reviewing

Movant's many Objections, his Final Amended Motion, the record, Report, and applicable law,

and conducting a *de novo* review of the portions of the Report to which Objections were made.

Having done so, the court **determines** that the findings and conclusions of the magistrate judge

are correct and **accepts** them as those of the court. Accordingly, Mr. Plunkett's Objections (Docs.

117, 118, 121) are **overruled**, and his Final Amended Motion under 28 U.S.C. Section 2255, to

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 31) is **denied with**

**prejudice.** For these reasons, the court **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure

22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c),

the court **denies** a certificate of appealability.[8] The court determines that Movant has failed to

---

[8] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> **(a)       Certificate of Appealability.** The district court must issue or deny a certificate of
> appealability when it enters a final order adverse to the applicant. Before entering the final order,
> the court may direct the parties to submit arguments on whether a certificate should issue. If the
> court issues a certificate, the court must state the specific issue or issues that satisfy the showing
> required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the
> denial but may seek a certificate from the court of appeals under Federal Rule of Appellate
> Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's Report filed in this case. In the event that Movant files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 30th day of December, 2022.

Sam A. Lindsay
United States District Judge

---

(**b**)     **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Memorandum Opinion and Order – Page 20**